In the Matter of the Arbitration between ISIDORE RAPHAEL, Doing Business as RAPHAEL SHIRT COMPANY, Petitioner, and ISIDOR SILBERBERG et al., Copartners Doing Business as EAGLE CONVERTING COMPANY, Respondents.

Supreme Court, Special Term, New York County, March 31, 1948.

*Charles Struckler* for petitioner.

*Conrad Lipton* for respondents.

EDER, J. Motion to compel arbitration is denied. On or about April 25, 1946, petitioner purchased from respondents 4,050 yards of shirting material which were delivered to petitioner between the months of May and July, 1946. Thereafter petitioner manufactured the material into shirts and sold the shirts to retailers. Petitioner alleges that some of the shirts were returned to petitioner because of certain defects, which it is alleged could not be discovered upon inspection and were wholly unknown to petitioner until after the use of the shirts by the consumers.

It is alleged by petitioner that at the time of the sale and as an inducement to the petitioner to purchase the goods respondents expressly warranted that the material was fit for the purpose of manufacture into shirts for sale to retail merchants; was properly preshrunk; that the dye was of fast color and the material free from any defect which might destroy its merchantability.

It is further alleged by petitioner that on or about October 6, 1947, and within a reasonable time after petitioner discovered the true condition of the merchandise he notified respondents of the breach of warranty, and petitioner alleges he has been damaged in the sum of $6,000. Petitioner also alleges that he has demanded that the dispute be submitted to arbitration but that respondents have refused to do so. The petitioner's demands for arbitration were made on two occasions — October 28, 1947, and on December 24, 1947.

The respondents contend that under the terms of the agreement, there now exists no right on the part of petitioner to arbitration.

As respects arbitration the contract provides: "It is agreed that any controversy hereafter arising between the parties to this contract in relation thereto or to any matter thereunder shall be settled by arbitration, each party naming one arbitrator who shall, if unable to agree, select a third arbitrator, all to be engaged in business in the City of New York and the decision of any two of the arbitrators shall be final. Appointment of arbitrator will be made within twenty days after request by either party of the other."

The contract also contains the following condition: "All claims must be made within 10 days. No claims allowed after goods are cut."

It is undisputed that the goods were cut and that the claims of petitioner are made long after the expiration of ten days from the date of the receipt of the goods by the petitioner.

Respondents contend that in consequence there is no triable issue to be arbitrated and that even if there was a finding by the arbitrators that there were defects in the merchandise, peti·tioner is barred from any award in view of the above conditions in the contract.

Petitioner argues that these "sentences", as he terms them are without effect: "These sentences do not state what happens if a claim is made after 10 days or after the goods are cut. They certainly do not state that a buyer is not entitled to arbitration under the contract, if a claim is made after 10 days or after the goods are cut. The effect of the quoted sentences is a question for the arbitrators."

I attach much more legal significance to these provisions; they are much more than mere sentences; they establish contractual rights and rights of substance. Arbitration is a matter of contract and may be validly conditioned and limited as to the right to invoke it. If a time limit to seek arbitration is definitely declared, it is binding and if not exercised within the time prescribed the right to demand or seek arbitration is lost, unless waived (*Matter of Ketchum & Co., Inc.,* 70 N. Y. S. 2d 476).

Furthermore, the provision with respect to the time when claims may be made has a definite purpose in mind; its express inclusion in the contract cannot be treated as meaningless. The petitioner argues that the mentioned provisions have no legal significance, and states: "Our contention is that this language in a printed order blank cannot supersede the implied warranty of a dealer that the goods in which he deals shall be of merchantable quality," and that despite said provisions in the contract the petitioner, as buyer, has a reasonable time after receipt of the goods for inspection and to determine whether to accept or reject them.

Section 129 of the Personal Property Law does accord a reasonable time to the buyer, but this is a right which may be waived; a party may waive a statutory right created for his benefit (*See Matter of Feld* [*Horch-Oppenheimer, Inc.*], N. Y. L. J., March 29, 1948). And in *Cohen Bros. Mfg. Co., Inc.,* v. *Wright-Ginsberg Co., Inc.* (207 App. Div. 199) it is held that this section does not apply where the contract between the parties stipulates as to the time when the buyer may reject the goods for defects therein.

It seems to me that the only fair and reasonable construction that can be given to the mentioned provision "All claims must be made within 10 days. No claims allowed after goods are cut" is to hold that the provision is, in effect, a Statute of Limitations, and that after the expiration of ten days from the date of receipt of the goods or after the goods are cut, no claim of any kind may thereafter be made by the buyer with respect thereto (see *Ketchum* case, *supra*; see, also, *Jessel* v. *Lockwood Textile Corp.*, N. Y. L. J., Dec. 16, 1947, p. 1773, col. 3, BOTEIN, J.).

I reach the conclusion, therefore, that the petitioner has waived the right to seek arbitration, and, also, that in the circumstances, there is no issue to arbitrate.

The motion is, accordingly, denied. Settle order.